UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jeffrey E. Eberle,

    Petitioner,

    v.                                  Case No. 1:11cv867

Warden, Mansfield,                Judge Michael R. Barrett
Correctional Institution,

    Respondent.


## ORDER

This matter is before the Court on the August 2, 2012 Magistrate Judge's Report and Recommendation ("R&R") recommending that Respondent's Motion to Dismiss be granted and Petitioner's case be dismissed as being time-barred. (Doc. 12.) Notice was given to the parties under 28 U.S.C. §636(b)(1)(C). Petitioner filed objections to the R&R. (Doc. 16.)

**I.    BACKGROUND**

Petitioner has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 with the assistance of counsel. (Doc. 1.) The Magistrate Judge set forth the facts of this case in the R&R, and the same will not be repeated here except to the extent necessary.

On September 18, 2006, Petitioner entered a plea of guilty to one count of aggravated murder. The parties jointly recommended the imposition of an agreed-to sentence of life imprisonment with eligibility for parole after serving twenty years of the sentence. The parties also stipulated that Petitioner admitted that he drove Jason Evick

and Michael Fish to a secluded location in Clermont County, luring Michael Fish there under false pretenses. The parties further stipulated that Petitioner assaulted Michael Fish who died of blunt force trauma caused by the shovel Petitioner had brought to the scene. The court accepted Petitioner's plea and sentenced him according to the parties' agreed-to sentence.

Approximately three years later, on July 20, 2009, Petitioner filed a motion to withdraw his guilty plea. The trial court overruled the motion, and Petitioner unsuccessfully appealed the decision to the Ohio Supreme Court, which dismissed the appeal on December 15, 2010. However, during oral arguments before the Ohio Court of Appeals, the court sua sponte raised the issue of whether Petitioner's guilty plea was rendered invalid because the trial court erroneously informed Petitioner that he would be subject to a mandatory five-year term of postrelease control if he was ever released from prison. The Court of Appeals ultimately decided that the trial court's explanation of the possibility of parole was in error, but did not remand the matter for resentencing. Instead, the court vacated the void post-release control portion of the sentencing entry.

On December 13, 2011, Petitioner filed his federal habeas corpus petition.

## II. ANALYSIS

The Magistrate Judge concluded that Petitioner's petition was time barred. The Magistrate Judge completed a detailed analysis under *Burton v. Stewart*, 549 U.S. 147 (2007) and *Rashad v. Lafler*, 675 F.3d 564 (6th Cir. 2012). The Magistrate Judge explained that the issue was whether one uncontested modification to petitioner's sentence, which did not impact petitioner's underlying conviction for aggravated murder or the agreed-to term of imprisonment imposed for that offense, amounts to a "new" sentence

that re-triggered the running of the § 2244(d)(1)(A) statute of limitations. (See Doc. 12, at 18.) The Magistrate Judge found that "courts confronted with the question whether a modification to a sentence, as opposed to a resentencing, restarts the §2244(d)(1)(A) limitations period have rejected the argument that any modification to a sentence results in a "new" judgment for statute of limitations purposes." (Id.) While the Magistrate Judge could not find a case on point with this case, the Magistrate Judge explained that "courts have held that a trial court's nunc pro tunc judgment entry to correct a technical or clerical error in the original sentence does not constitute a new judgment of sentence that restarts the running of the § 2244(d)(1)(A) statute of limitations." (Id. at 19.) The Magistrate Judge concluded that "at least under the circumstances presented in this case, the modification to petitioner's sentence in August 2010 did not affect the finality of the judgment of conviction and sentence challenged by petitioner in the instant action, which was entered on September 19, 2006 when he was convicted and sentenced upon entry of his guilty plea."

Based on this conclusion, the Magistrate Judge found that the statute began to run on October 20, 2006, a day after the September 19, 2006 sentencing entry became "final" by the expiration of the 30-day period for filing a timely appeal as of right to the Ohio Court of Appeals. After applying statutory tolling principles in Petitioner's favor, the Magistrate Judge concluded that the limitations period expired on October 22, 2011. The Magistrate Judge also concluded that Petitioner has not demonstrated that he is entitled to equitable tolling.

Petitioner raises four objections: (1) that the motion to withdraw the guilty plea had no impact on the finality determination under 2244(d)(1)(A); (2) that the modification of

-3-

Petitioner's sentence by the Ohio Court of Appeals did not result in a new sentence that restarted the running of the statute of limitations clock; (3) that Petitioner is not entitled to equitable tolling because extraordinary circumstances stood in his way and prevented timely filing; and (4) that Petitioner has not proved "actual innocence."

The Court finds that Petitioner's objections are not well-taken. As to the first objection, the Magistrate Judge noted that this Court has previously held that a post-sentence motion to withdraw a guilty plea only serves to toll the limitations period and does not reset it. *See Coffey v. Warden, Warren Corr. Inst*., 1:06CV717, 2007 WL 951619 *4 (S.D. Ohio Mar. 28, 2007). Therefore, Petitioner's motion to withdraw the guilty plea did not restart the statute of limitations under Section 2244(d)(1)(A).

As to the second objection, Petitioner argues that his judgment has yet to be finalized because after the court of appeals vacated the portion of the trial court's sentencing entry which sentenced Petitioner to postrelease control, the trial court has not issued a corrected sentencing entry or pronounced a legal sentence. However, as the Magistrate Judge noted, courts examine the surrounding circumstances to determine whether a sentence modification should be considered equivalent to a resentencing that restarts the running of the clock. The Court finds that the Magistrate Judge properly analogized the court of appeal's modification to Petitioner's sentence to one of a trial court's nunc pro tunc judgment entry to correct a technical or clerical error. Accordingly, under the caselaw cited by the Magistrate Judge, the modification to Petitioner's sentence did not constitute a new judgment of sentence that restarts the statute of limitations under Section 2244(d)(1)(A).

As to the third and fourth objections, Petitioner has provided a supplemental affidavit

by Orrin Nordstrom (Doc. 16-1), who was a private investigator hired by Petitioner. Nordstrom's original affidavit was attached to Petitioner's motion to withdraw his guilty plea. The Magistrate Judge found that Nordstrom's original affidavit did not establish a credible claim of actual innocence. As the Magistrate Judge explained:

> After a lengthy investigation spanning a period of over a year and a half, Nordstrom only generally averred that he discovered (1) Amanda Fugate had stated in an interview that she had told the police that Evick admitted to her that he killed the victim; and (2) another potential suspect, Jeff Weldon, had an "antagonistic relationship" with the victim due to their mutual involvement in "illegal drug trafficking." Nordstrom's vague statement about Weldon's relationship with the victim does not amount to probative evidence of petitioner's innocence, but rather only speculatively suggests that Weldon did not get along with the victim and thus may have possibly had a motive for doing him harm. Furthermore, Nordstrom's ambiguous statement about a statement purportedly made by Amanda Fugate in an "interview" regarding an alleged admission of guilt made to her by Evick, constitutes the strongest evidence of petitioner's innocence, but as the Ohio courts reasonably determined, the hearsay-within-hearsay evidence lacks reliability and is too vague to establish a credible or persuasive claim of actual innocence in light of petitioner's own admission of guilt entered on the record at the plea hearing.

(Doc. 12, at 28-29.) Nordstrom's supplemental affidavit describes his efforts to obtain a first-hand affidavit from Fugate following the Ohio Supreme Court's denial of Petitioner's appeal. Nordstrom was finally able to make personal contact with Fugate on October 26, 2011. (Doc. 16-1, ¶ 9.) Nordstrom describes their encounter as follows:

> Amanda came out of the residence with her daughter, I proceeded to explain his purpose or [sic] being there, I identified Amanda's previous comments that Jason Evick had killed Fish, Amanda did not object to those comments which were made several times during the discussion. Amanda further stated that there were several other women who made similar comments to the police about Jason Evick committing the murder, and that they never were called to the grand jury.
>
> Amanda further indicated that she had received threats from the Evick family/partisans. She stated that she is fearful of these threats, and that she does not want to sign the affidavit which I presented to her. She does not

>want to subject her family to any potential threats of retaliation if she were to provide the affidavit, and possibly have to testify.

(Id.) This Court concludes that Nordstrom's supplemental affidavit does not remove the hearsay concerns that the state trial court had about the statement by Fugate that Evick told her that he killed Fish. Petitioner is still missing an affidavit by Fugate, and the most Petitioner has gained with this new evidence is that Fugate did not refute her previous statements that Evick told her that he killed Fish. Moreover, as the Magistrate Judge pointed out, even if Fugate's statement is accepted, Evick's admission that he assaulted the victim "does not mean that petitioner was a mere by-stander and did also not participate in the assault with the requisite intent of prior calculation and design to cause the victim's death." (Doc. 12, at 29.) Therefore, the Court concludes that Nordstrom's supplemental affidavit does not disturb the Magistrate Judge's conclusion that Petitioner has not established a credible claim of actual innocence that would entitle him to equitable tolling.

### III. CONCLUSION

Based on the foregoing, the August 2, 2012 Magistrate Judge's R&R recommending that Petitioner's case be dismissed with prejudice (Doc. 12) is hereby **ADOPTED**. Accordingly, it is hereby **ORDERED** that:

1. Respondent's motion to dismiss (Doc. 5) is **GRANTED**, and Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DISMISSED** with prejudice on the ground that it is time-barred under 28 U.S.C. § 2244(d).

2. A certificate of appealability shall issue with respect to the procedural statute of limitations issue addressed herein, because under the applicable two-part standard enunciated in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000), "jurists of reason" would find it debatable

        whether the Court is correct in its procedural ruling granting the respondent's motion to dismiss and whether petitioner has stated a viable constitutional claim in his time-barred grounds for relief.

3.       With respect to any application by Petitioner to proceed on appeal *in forma pauperis*, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this R&R would be taken in "good faith," and therefore this Court **GRANTS** Petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

4.       This matter shall be **CLOSED** and **TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**

                                               */s/ Michael R. Barrett*
                                              Michael R. Barrett, Judge
                                              United States District Court